UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHERYN U.,[1] <br><br> Plaintiff, <br><br> v. <br><br> MARTIN O'MALLEY,[2] <br><br> Defendant. | Case No. 23-cv-03909-TSH <br><br> **ORDER RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT** <br><br> ECF Nos. 11, 18 |

## I. INTRODUCTION

Plaintiff Katheryn U. moves for summary judgment to reverse the decision of Defendant Martin O'Malley, Commissioner of Social Security, denying Plaintiff's claim for disability benefits under the Social Security Act, 42 U.S.C. § 401 et seq. ECF No. 11. Defendant cross-moves to affirm. ECF No. 18. Pursuant to Civil Local Rule 16-5, the matter is submitted without oral argument. For the reasons stated below, the Court **DENIES** Plaintiff's motion and **GRANTS** Defendant's cross-motion.[3]

## II. PROCEDURAL HISTORY

On September 17, 2020, Plaintiff filed an application for Social Security Disability Insurance benefits with a disability onset date of July 11, 2019. Administrative Record ("AR") 178-86. Following denial at the initial and reconsideration levels, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). AR 114. An ALJ held a hearing on May 24, 2022

---

[1] Partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.
[2] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Federal Rule of Civil Procedure 25(d), O'Malley is substituted for Kilolo Kijakazi as the defendant in this suit.
[3] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF Nos. 6, 7.

and issued an unfavorable decision on June 15, 2022. AR 7-21. The Appeals Council denied Plaintiff's request for review on June 12, 2023. AR 1. Plaintiff now seeks review pursuant to 42 U.S.C. § 405(g).

### III.   ISSUES FOR REVIEW

Plaintiff raises one issue on appeal: The ALJ failed to properly consider her subjective testimony.

### IV.   STANDARD OF REVIEW

42 U.S.C. § 405(g) provides this Court's authority to review the Commissioner's decision to deny disability benefits, but "a federal court's review of Social Security determinations is quite limited." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015). The Court may set aside a denial of benefits only if "it contains legal error or is not supported by substantial evidence." *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014) (citations omitted). Substantial means "more than a mere scintilla," but only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. ___, 139 S. Ct. 1148, 1154 (2019) (cleaned up). Under this standard, the Court looks to the existing administrative record and asks "whether it contains 'sufficient evidence' to support the agency's factual determinations." *Id.* (cleaned up).

The Court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Garrison*, 759 F.3d at 1009 (citation omitted). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Id.* at 1010 (citation omitted). If "the evidence can reasonably support either affirming or reversing a decision," the Court must defer to the decision of the ALJ. *Id.* (citation omitted). "'Even when the ALJ commits legal error, [courts] uphold the decision where that error is harmless,' meaning that 'it is inconsequential to the ultimate nondisability determination,' or that, despite the legal error, 'the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity.'" *Brown-Hunter*, 806 F.3d at 492 (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090,

1099 (9th Cir. 2014)). But "[a] reviewing court may not make independent findings based on the evidence before the ALJ to conclude that the ALJ's error was harmless." *Id.* The Court is "constrained to review the reasons the ALJ asserts." *Id.* (cleaned up); *Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001) (courts "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision.").

## V. DISCUSSION

### A. Framework for Determining Whether a Claimant Is Disabled

A claimant is "disabled" under the Social Security Act (1) "if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months" and (2) the impairment is "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(A)-(B); *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012). To determine whether a claimant is disabled, an ALJ is required to employ a five-step sequential analysis. 20 C.F.R. § 404.1520(a)(1) (disability insurance benefits); *id.* § 416.920(a)(4) (same standard for supplemental security income). The claimant bears the burden of proof at steps one through four. *Ford v. Saul*, 950 F.3d 1141, 1148 (9th Cir. 2020) (citation omitted).

At step one, the ALJ must determine if the claimant is presently engaged in a "substantial gainful activity," 20 C.F.R. § 404.1520(a)(4)(i), defined as "work done for pay or profit that involves significant mental or physical activities." *Ford*, 950 F.3d at 1148 (cleaned up). Here, the ALJ determined Plaintiff had not performed substantial gainful activity since July 11, 2019, the alleged onset date. AR 13.

At step two, the ALJ decides whether the claimant's impairment or combination of impairments is "severe," 20 C.F.R. § 404.1520(a)(4)(ii), "meaning that it significantly limits the claimant's 'physical or mental ability to do basic work activities.'" *Ford*, 950 F.3d at 1148 (quoting 20 C.F.R. § 404.1522(a)). If no severe impairment is found, the claimant is not disabled. 20 C.F.R. § 404.1520(c). Here, the ALJ determined Plaintiff had the following severe

impairments: spinal stenosis of the lumbar region; segmental and somatic dysfunction of the cervical, thoracic, and pelvic regions; lumbar radiculopathy; spondylosis of the lumbar region; and osteoarthritis of the left knee. AR 13.

At step three, the ALJ evaluates whether the claimant has an impairment or combination of impairments that meets or equals an impairment in the "Listing of Impairments" (referred to as the "listings"). *See* 20 C.F.R. § 404.1520(a)(4)(iii); 20 C.F.R. Pt. 404 Subpt. P, App. 1. The listings describe impairments that are considered "to be severe enough to prevent an individual from doing any gainful activity." *Id.* § 404.1525(a). Each impairment is described in terms of "the objective medical and other findings needed to satisfy the criteria of that listing." *Id.* § 404.1525(c)(3). "For a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (footnote omitted). If a claimant's impairment either meets the listed criteria for the diagnosis or is medically equivalent to the criteria of the diagnosis, he is conclusively presumed to be disabled, without considering age, education and work experience. 20 C.F.R. § 404.1520(d). Here, the ALJ determined Plaintiff did not have an impairment or combination of impairments that meets the listings. AR 15-16.

If the claimant does not meet or equal a listing, the ALJ proceeds to step four and assesses the claimant's residual functional capacity ("RFC"), defined as the most the claimant can still do despite their imitations (20 C.F.R. § 404.1545(a)(1)), and determines whether they are able to perform past relevant work, defined as "work that [the claimant has] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it." 20 C.F.R. § 404.1560(b)(1). If the ALJ determines, based on the RFC, that the claimant can perform past relevant work, the claimant is not disabled. *Id.* § 404.1520(f). Here, the ALJ determined Plaintiff has the RFC

> to perform light work as defined in 20 CFR 404.1567(b) except lift/carry 20 pounds occasionally and 10 pounds frequently; sit for 6 hours, stand for 6 hours, and walk for 6hours; and push/pull as much as can lift/carry. The claimant can climb ramps and stairs frequently but ladders, ropes, or scaffolds occasionally and can frequently balance, stoop, kneel, or crouch but occasionally crawl.

4

1    AR 16.  Based on this RFC, the ALJ determined Plaintiff could perform past relevant work as an

2    administrative clerk and a retail sales clerk.  AR 21.  As such, the ALJ determined Plaintiff was

3    not disabled as defined by the Act, and therefore did not proceed to step five of the analysis.[4]

**B.    Plaintiff's Subjective Complaints**

Plaintiff alleges she cannot not work because of pain in the back, neck, and legs, and feet.  AR 239, 261.  She states that her pain limits her ability to lift objects, climb stairs, bend, stand, walk, and even sit.  AR 266.  She alleges she has problems completing tasks, focusing, and concentrating.  AR 261, 266.  The ALJ found Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record . . . ."  AR 17.  In making this decision, the ALJ noted Plaintiff's "statements about the intensity, persistence, and limiting effects of her symptoms, . . . are inconsistent because the treatment notes do not show the serious symptoms and dysfunction that would be expected were the claimant as limited as alleged."  *Id.*

Plaintiff argues the ALJ erred because he "relied exclusively on a lack of objective medical evidence to discount and reject [her] pain and limitation testimony."  Pl.'s Mot. at 6.  It is true that an ALJ may not reject a claimant's statements "solely because the available objective medical evidence does not substantiate your statements."  20 C.F.R. § 404.1529(c)(2).  However, a lack of objective medical evidence supporting the degree of limitation is still a factor that an ALJ may consider in assessing credibility.  *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).

"When objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony."  *Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022) (emphasis in original).  For example, while Plaintiff alleged she could not work due to limitations caused by back and neck pain, the ALJ noted that clinicians found largely normal examination findings.  AR 18, 390 (clinician reporting Plaintiff's

---

[4] At step five, the burden shifts to the agency to prove that "'the claimant can perform a significant number of other jobs in the national economy.'"  *Ford*, 950 F.3d at 1149 (quoting *Thomas v. Barnhart*, 278 F.3d 947, 955 (9th Cir. 2002)).

neck was supple "with full range of motion" and "non tender," and that her back had normal posture and "no tenderness"). Despite alleging pain that limited her ability to lift objects, stand, and even sit, examination showed she had intact strength (rated at "5/5"), intact sensation, and grossly normal movements of the arms and legs. AR 18, 390. In contrast to her assertion of difficulty walking, Plaintiff walked "with a steady gait," including when tested on heel/toe walking. AR 18, 390 (emphasis omitted); *see also* AR 516 (finding intact motor strength and "normal" gait, with no limitation in lumbar spine range of motion). And despite Plaintiff's allegations of problems concentrating and focusing, clinicians reported largely unremarkable mental status examination findings. AR 15, 661 (psychologist reporting "fair attention and concentration"), 924 (clinician reporting no signs of poor concentration or any other abnormal mental signs), 933 (same). Given this record, the ALJ properly found that Plaintiff's allegations were inconsistent with the medical evidence. *See Reyes v. Berryhill*, 716 Fed. App'x 714, 714 (9th Cir. 2018) (ALJ properly concluded plaintiff's testimony was not corroborated by normal medical findings); *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995) (conservative course of treatment suggested a lower level of functional limitation).

Further, the ALJ did not rely exclusively on this inconsistency alone. The ALJ also found Plaintiff's allegations unreliable because the record showed her symptoms improved with treatment, as provider notes showed her symptoms were "managed with prescribed medication, acupuncture, and chiropractic care." AR 18. "The type, dosage, effectiveness, and side effects of any medication . . . taken to alleviate . . . pain or other symptoms," as well as any other treatments, are relevant to the evaluation of a claimant's alleged symptoms. 20 C.F.R. § 404.1529(c)(3)(iv). Here, treatment notes cited by the ALJ support the finding that Plaintiff's symptoms were alleviated by treatment. AR 18, 517 ("Patient reports chiropractic care has been helpful[.]"), 965 ("She has had physical therapy which was helpful. She also has had chiropractic treatment which was helpful."), 1166 (reporting Plaintiff "received acupuncture treatment" that resulted in "reduced pain level and improved relaxation"). The ALJ reasonably found these reports of effective treatment undermined Plaintiff's allegations. *See Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) ("Such evidence of medical treatment successfully relieving symptoms can

undermine a claim of disability."); *Celaya v. Halter*, 332 F.3d 1177, 1181 (9th Cir. 2003) (in discounting pain complaints, ALJ "reasonably noted" evidence that pain had come under control).

The ALJ also found Plaintiff's allegations were not consistent with her reported activities of daily living. AR 18. An ALJ may reject a claimant's allegations by pointing to "contradictions in the claimant's own testimony about [her] activities of daily living." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004). For instance, although she alleged pain so severe she had problems walking and even sitting, Plaintiff told a clinician that exercise and walking tends to help alleviate pain. AR 18, 388; *see also* AR 661 (Plaintiff reporting that she was "independent with activities of daily living including dressing and taking care of personal hygiene"). The Ninth Circuit has recognized that even modest activities can be a basis for discounting allegations of a disabling impairment. *See Ahearn v. Saul*, 988 F.3d 1111, 1117 (9th Cir. 2021) (performing personal care, preparing meals, and doing household chores undercut claimant's allegations); *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) ("Even where those activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment"). As such, the ALJ reasonably found these activities undermined Plaintiff's allegations.

Plaintiff argues the ALJ "did not acknowledge [her] testimony that she sometimes lies down an hour or two to relieve her pain." Pl.'s Mot. at 5 (citing AR 10-21, 49). However, an ALJ is not required to discuss all of a claimant's testimony in detail. *See Lambert v. Saul*, 980 F.3d 1266, 1275 (9th Cir. 2020) ("Our cases do not require ALJs to perform a line-by-line exegesis of the claimant's testimony, nor do they require ALJs to draft dissertations when denying benefits. But our precedents plainly required the ALJ to do more than was done here, which consisted of offering non-specific conclusions that Lambert's testimony was inconsistent with her medical treatment.") (citation omitted). For instance, in *Young v. Saul*, the Ninth Circuit rejected the plaintiff's argument that "by failing expressly to mention Young's assertion that his back pain created a need for him to take weeks off from work at a time, the ALJ thereby overlooked that testimony and failed to give reasons to discount it." 845 F. App'x 518, 519 (9th Cir. 2021). The Ninth Circuit found "[t]he ALJ was not required to mention explicitly, in his ruling, each detail of

7

Young's testimony, such as the need to take off weeks at a time from work." *Id.* at 520 (citing *Lambert*, 980 F.3d at 1277). Similarly, in *Cooper v. Kijakazi*, "the ALJ summarized Cooper's relevant testimony concerning her key asserted limitations and stated that he found 'these statements of extremely limited physical capacity inconsistent with the overall record.'" 2022 WL 1553170, at *1 (9th Cir. May 17, 2022). The Ninth Circuit affirmed the denial of benefits, finding that, "although Cooper would have preferred a more granular point-by-point refutation of her testimony, '[o]ur cases do not require ALJs to perform a line-by-line exegesis of the claimant's testimony, nor do they require ALJs to draft dissertations when denying benefits.'" *Id.* (quoting *Lambert*, 980 F.3d at 1277). The same is true here. The record reflects that the ALJ considered Plaintiff's medical records, her testimony concerning her alleged functional limitations, and the opinion evidence as a whole and found her "subjective complaints and alleged limitations are not entirely consistent with the medical evidence of record." AR 20. Even if the ALJ's decision on this point could have been clearer, "the Court is 'able to reasonably discern the ALJ's path,' and that is all that is required of the ALJ." *Serah S. v. Comm'r, Soc. Sec. Admin.*, 2023 WL 4249211, at *4 (D. Or. June 29, 2023) (quoting *Despinis v. Comm'r Soc. Sec. Admin.*, 2017 WL 1927926, at *7 (D. Or. May 10, 2017)).

Plaintiff also argues the ALJ "overlooked probative evidence supporting" her alleged pain and limitations. Pl.'s Mot. at 11. But the "key question is not whether there is substantial evidence that could support a finding of disability, but whether there is substantial evidence to support the Commissioner's actual finding that claimant is not disabled." *Jamerson v. Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997). While Plaintiff may disagree with the ALJ's interpretation of the evidence, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Fletcher-Silvas v. Saul*, 791 F. App'x 647, 649 (9th Cir. 2019) (quoting *Consolo v. Fed. Maritime Comm'n*, 383 U.S. 607, 620 (1966)); *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) ("If the record would support more than one rational interpretation, we defer to the ALJ's decision."). Thus, if an ALJ "show[s his] work" and the rationale for discounting a claimant's symptom statements "is clear enough that it has the power to convince," the ALJ's decision should

be affirmed, even if the reviewing court would have decided the issue differently. *Smartt*, 53 F.4th at 499; *Thomas*, 278 F.3d at 959 (When substantial evidence supports the ALJ's assessment of a claimant's subjective complaints, the reviewing court "may not engage in second-guessing."). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency [in Social Security disability cases] is not high." *Biestek*, 139 S. Ct. at 1154. Here, a review of the ALJ's opinion reveals that the ALJ sufficiently addressed the substance of Plaintiff's complaints but ultimately determined they could not be fully credited in light of other evidence in the record. The Court cannot conclude that the ALJ erred by failing to say more or interpret the evidence differently.

In sum, the ALJ provided valid reasons to discount Plaintiff's statements about her alleged symptoms and limitations. Although Plaintiff highlights select pieces of evidence to argue she was more limited than the ALJ determined, it is not the Court's role to second guess the ALJ's conclusions or substitute its judgment for the ALJ's. *See Ford*, 950 F.3d at 1149 ("[T]he ALJ 'is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities.'") (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). Because the ALJ's findings were reasonable and well supported by substantial evidence in the record, the Court must affirm, even if other interpretations of the evidence are possible. *See Woods v. Kijakazi*, 32 F.4th 785, 788 (9th Cir. 2022) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.") (quoting *Burch*, 400 F.3d at 679).

## VI. CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's motion and **GRANTS** Defendant's cross-motion. The Court shall enter a separate judgment, after which the Clerk of Court shall terminate the case.

**IT IS SO ORDERED.**

Dated: May 3, 2024

THOMAS S. HIXSON
United States Magistrate Judge